UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
BRYAN BRACEY and SONDRA JACKSON,

                        Plaintiffs,                    **SECOND AMENDED COMPLAINT**

  -against-

                                     PLAINTIFFS DEMAND
THE CITY OF NEW YORK, DETECTIVE JOSHUA   TRIAL BY JURY
WINTERS  SHIELD  # 4119, DETECTIVE ADJIE
HEADAD, SHIELD # 3298,  SGT. DENNIS BERRIOS,  Case No.: 15-cv-2340
SHIELD # 470, SGT. CHRISTO TORRISI,
SHIELD # 4321, POLICE OFFICER HECTOR
MORALES, SHIELD # 4406, SGT. JUAN MORENO,
TAX 935351,, PO BRIAN FEELEY, TAX 944550, PO
MATTHEW ROSIELLO, TAX 951180 POLICE OFFICERS
JOHN/JANE DOE(S) #s 1-10,

                       Defendants.
_____X

      BRYAN BRACEY and SONDRA JACKSON, by their attorney DAVID A. ZELMAN,

ESQ., for their AMENDED COMPLAINT, allege upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which BRYAN  BRACEY and SONDRA JACKSON , (hereinafter "Plaintiffs") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about January 28, 2015, at approximately 9:30 P.M., Plaintiffs were falsely arrested and illegally searched by defendants. It is alleged that Defendants falsely arrested Plaintiffs and without probable cause charged Plaintiff BRACEY with criminal offenses related to a robbery investigation.  As a result of the violation of their constitutional rights, Plaintiffs suffered loss of liberty, mental and emotional injuries.

1

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. BRYAN BRACEY (hereinafter "BRYAN") at all times relevant hereto resided in Kings County, New York.

4. SONDRA JACKSON (hereinafter "SONDRA") at all times relevant hereto resided in Kings County, New York.

5. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

6. Defendant DETECTIVE JOSHUA WINTERS, SHIELD #4199 (hereinafter "WINTERS") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. WINTERS is sued in his official and individual capacity.

7. Defendant DETECTIVE ADJIE HEADAD, SHIELD # 3298 (hereinafter "HEADAD") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as

agent, servant, and/or employee of Defendant CITY and within the scope of his employment. HEADAD is sued in his official and individual capacity.

8. Defendant SGT. DENNIS BERRIOS, SHIELD # 470 (hereinafter "BERRIOS") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BERRIOS is sued in his official and individual capacity.

9. Defendant SGT. CHRISTO TORRISI, SHIELD # 4321 (hereinafter "TORRISI") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. TORRISI is sued in his official and individual capacity.

10. Defendant POLICE OFFICER HECTOR MORALES, SHIELD # 4406 (hereinafter "MORALES") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MORALES is sued in his official and individual capacity.

11. Defendant SGT. JUAN MORENO, TAX 935351 (hereinafter "MORENO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MORENO is sued in his official and individual capacity.

12. Defendant PO BRIAN FEELEY, TAX 944550 (hereinafter "FEELEY") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. FEELEY is sued in his official and individual capacity.

13. Defendant PO MATTHEW ROSIELLO, TAX 951180  hereinafter "ROSIELLO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. ROSIELLO is sued in his official and individual capacity.

14. Defendants POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

15. At all relevant times hereto, Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

16. On or about JANUARY 28, 2015, at approximately 9:30 P.M., Plaintiffs were present at 154 Kingsborough APT #6B in Brooklyn, NY.

17. Police officers  Defendants including but not limited to all defendants forcefully entered plaintiffs apartment.

18. Defendants excessively searched the apartment while detaining plaintiffs.

19. Plaintiff BRACEY was handcuffed and transported to the 77th precinct.

20. Plaintiff BRACEY was excessively detained. Plaintiff was transported to Central Booking.

21. The District Attorney's office declined to prosecute the case.

22. Upon information and belief: Defendant WINTERS was the assigned arresting officer to this case. Defendant HEADAD was the detective assigned to this case. Defendant BERRIOS was the supervisor approving the arrest. Defendant MORALES was the investigating officer. Defendant CHRISTO was the supervisor approving the investigation. Defendants FEELEY, ROSIELLO and MORALES actively, illegally and excessively searched the subject premises and physically took plaintiff Bryan Bracey into custody and transported him to a police detention facility.

V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

23. Paragraphs 1 through 22 of this complaint are hereby realleged and incorporated by reference herein.

24. That Defendants had neither valid evidence for the arrest of Plaintiff BRYAN and SONDRA, nor legal cause or excuse to seize and detain them.

25. That in detaining Plaintiff BRYAN and SONDRA, without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiffs BRYAN and SONDRA, were but some of those persons.

26. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing

27. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

28. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs BRYAN and SONDRA's, rights alleged herein.

29. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs BRYAN, and SONDRA's, rights, subjected Plaintiffs BRYAN, SONDRA, to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

30. By reason of the foregoing, Plaintiffs BRYAN and SONDRA suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### IX. SECOND CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

31. Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32. That Defendants failed to intervene when Defendants knew or should have known that Plaintiffs' constitutional rights were being violated.

6

33. That Defendants had a realistic opportunity to intervene on behalf of Plaintiffs BRYAN, SONDRA, whose constitutional rights were being violated in their presence.

34. That a reasonable person in the Defendants' position would know that Plaintiffs' constitutional rights were being violated.

35. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs BRYAN, and SONDRA's rights, deprived Plaintiffs BRYAN, and SONDRA of their liberty when they failed to intervene to protect them from Defendants' violation of Plaintiffs BRYAN, and SONDRA's civil rights pursuant to Fourteenth Amendment of the United States Constitution.

36. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of civil rights by police officers. Thus, as a result of the above described policies and customs, Plaintiffs BRYAN and SONDRA, were not protected from Defendants' unconstitutional actions.

37. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

38. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

39. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiffs BRYAN and SONDRA's, rights alleged herein.

40. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

41. That by reason of the foregoing, Plaintiffs BRYAN and SONDRA, suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

X. THIRD CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL SEARCH)

42. Paragraphs 1 through 41 are hereby realleged and incorporated by reference herein.

43. That Defendants excessively searched Plaintiffs' persons and property. Defendants failed to announce their presence.

44. That Defendants' searches of Plaintiffs' persons and property were unlawful in that Defendants did not obtain a search warrant before searching Plaintiffs' persons, lacked probable cause to search Plaintiffs' persons, and lacked probable cause to arrest Plaintiffs.

45. That upon information and belief, defendant CITY has a policy and/or custom of unlawfully searching persons.

46. By reason of the unlawful search of Plaintiffs' persons and property, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived Plaintiffs of their privacy

and property, in violation of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution.

## XI. FOURTH CAUSE OF ACTION
Pursuant to §1983 (DUE PROCESS VIOLATION/FOURTH AMENDMENT RIGHTS)

47. Paragraphs 1 through 46 of this complaint are hereby realleged and incorporated by reference herein.

48. That Defendants entered SONDRA's apartment forcefully, without a warrant or legal basis to do so.

49. That said forced entry into SONDRA's apartment was made without exigent circumstances.

50. That said warrantless entry constituted a search and seizure of SONDRA's private property and violated SONDRA's rights.

51. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of SONDRA's rights, searched and seized Sondra's personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

52. By reason of the foregoing, SONDRA suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## XII. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

53. Paragraphs 1 through 52 are hereby realleged and incorporated by reference herein.

54. That Defendants had no legal cause nor excuse to detain Plaintiffs for a prolonged period prior to arraignment.

55. That Defendants detained Plaintiffs excessively prior to arraignment in violation of Plaintiff's civil rights.

56. That Defendants detained Plaintiffs with ill will and/or negligently.

57. That Defendants should have expeditiously investigated this matter and released Plaintiffs.

58. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

59. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

60. That upon information and belief, in 2014 and 2015, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

61. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

62. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

63. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

64. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff for an excessive period of time prior to arraignment.

65. By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XIII. SIXTH CAUSE OF ACTION.
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

66. Paragraphs 1 through 65 are hereby realleged and incorporated by reference herein.

67. Defendants negligently and/or intentionally failed to arraign Plaintiffs promptly following their arrest as required by New York State and Federal laws, rules, regulations and statutes.

68. Said failure to promptly arraign Plaintiffs caused their arrests to be void ab initio.

69. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from January 28, 2015;

4. Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         July 11, 2016

                _____/s_____
                DAVID A. ZELMAN, ESQ.
                (DZ 8578)
                612 Eastern Parkway
                Brooklyn, New York 11225
                (718)604-3072